1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Jermaine Pledger,                      No. CV-15-01328-PHX-DJH (BSB)

10                   Petitioner,            **REPORT AND**
                                            **RECOMMENDATION**
11   v.

12   Unknown Barnes, et al.,

13                   Respondents.

14

15          On October 5, 2015, Petitioner Jermaine Pledger filed an Amended Petition for

16   Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising four grounds for relief.

17   (Doc. 12.)  On November 13, 2015, Respondents filed an answer arguing that the Court

18   should deny relief.  (Doc. 14.)  Although Petitioner filed a "supplement" and a

19   "clarification" to his Amended Petition, he did not file a reply.[1]  On February 11, 2016,

20   _____

21          [1] On January 5, 2016, Petitioner filed a supplement to his Amended Petition using
     the Court's approved form for filing a petition for writ of habeas corpus.  (Doc. 16.)  The
22   Court ordered the supplement stricken as improper because it appeared to be an attempt
     to file a second amended petition, but Petitioner had not complied with the applicable
23   rules for filing an amended pleading.  (Doc. 17.)  The Court explained how to file an
     amended pleading and granted Petitioner until February 5, 2016 to seek leave to do so.
24   (*Id.*)  Petitioner did not seek leave to file an amended pleading.

25          However, on January 25, 2016, Petitioner filed a "Clarification/More Definite
     Statement of Petition of Writ of Habeas Corpus."  (Doc. 18.)  The Court does not
26   consider this filing as a second amended petition because Petitioner again failed to
     comply with the requirements for filing an amended pleading.  The Court declines to
27   construe this filing as a reply because it includes arguments that were not included in the
     Amended Petition and it does not respond to Respondents' answer.  Additionally, it
28   appears to argue claims that were raised in the July 15, 2015 petition (Doc. 18 at 4),
     which was superseded by the filing of the Amended Petition.  (Doc. 12.)

Petitioner filed a "Voluntary Dismissal for (Records)," which referred to an "extension of time to answer Petition for Writ of Habeas Corpus" and, therefore, the Court construed it as a motion for extension of time to file reply in support of the Amended Petition. (Doc. 20.)  The Court granted Petitioner until February 26, 2016 to file a reply, but he did not file a reply by the deadline.  (*Id.*)

Instead, on March 7, 2016, he filed a "Voluntary Dismissal for (Records) Amended 28 U.S.C. § 2254 (Expeditiously)," which refers to the February 26, 2016 reply deadline, and states that "Petitioner set forth (Expeditiously) Motion for Records and Voluntary Dismissal for purpose of State post-conviction relief Fundamental Error Rule 32.1(a) has not been responded to."  (Doc. 21.)  To the extent Petitioner seeks to dismiss this proceeding, the Court recommends that the request be denied because dismissal would be prejudicial to Respondents who filed an answer to the Amended Petition in November 2015.  (Doc. 14.)   Accordingly, the Court recommends that, to the extent Petitioner seeks to dismiss the Amended Petition, that request be denied.  The Court also recommends that the Amended Petition be dismissed.  (Doc. 17.)

## I.      Factual and Procedural Background

### A.      Charges, Trial, and Sentencing

In December 2012, the State indicted Petitioner in Maricopa County Superior Court on conspiracy to possess marijuana for sale, a class two felony (Count One), armed robbery, a class two dangerous felony (Count Two), aggravated assault, a class three dangerous felony (Count Three), kidnapping, a class two dangerous felony (Count Four), possession of marijuana for sale, a class two felony (Count Five), aggravated assault, a class two dangerous felony (Count Six), misconduct involving weapons, a class four felony (Count Seven), and misconduct involving body armor, a class four felony (Count Eight).  (Doc. 14, Ex. A.)

A jury found Petitioner guilty of the charged offenses, and found aggravating circumstances on some counts.  (Doc. 14, Ex. C.)  The trial court sentenced Petitioner to concurrent terms of nine years' imprisonment on Counts One and Five, fifteen years'

1    imprisonment on Counts Two, Four, and Six, ten years' imprisonment on Count Three,

2    and two-and-one-half years' imprisonment on Counts Seven and Eight.  (Doc. 14, Ex. D.)

3        The Arizona Court of Appeals summarized the events leading to Petitioner's

4    conviction as follows.[2]  Petitioner sought to purchase approximately 170 pounds of

5    marijuana from a person known as Ruiz.  (Doc. 14, Ex. N.)  At Petitioner's direction,

6    Ruiz drove a car containing the marijuana into a residential garage.  (*Id.*)  Petitioner

7    closed the garage door and as Ruiz walked into the house, another person put a gun to

8    Ruiz's chest and told him it was "a rip," meaning they were going to steal the marijuana.

9    (*Id.*)  Petitioner and two other armed men held Ruiz inside the house at gunpoint.  (*Id.*)

10   At that time, they did not know that Ruiz was a paid informant working with an

11   undercover police officer who was monitoring the house from an unmarked car parked up

12   the street.  (*Id.*)  Ruiz later escaped through the back door of the house.  Petitioner and the

13   other two men also left the house.  (*Id.*)  Petitioner and one of the men left in Petitioner's

14   car, and the other man left in Ruiz's car with the marijuana.  (*Id.*)

15       Ruiz approached the undercover officer and told him it was a "drug rip."  (*Id.*)

16   Ruiz and the undercover officer followed Petitioner and eventually found his car stopped

17   in a cul-de-sac.  The officer stopped his car near the cul-de-sac, retrieved a bullet-proof

18   vest from the trunk, and put it on.  (*Id.*)  The vest was emblazoned in yellow letters with

19   the word "Police."  (*Id.*)  After the officer got back in his car, Petitioner drove straight

20   toward him.  (*Id.*)  As Petitioner approached the officer's vehicle, he lowered his window,

21   held a gun out the window, and pointed it at the officer.  Petitioner did not shoot.  (*Id.*)

22   Other officers subsequently apprehended Petitioner.  (*Id.*)

23   **B.    Direct Review**

24       Petitioner filed a timely notice of appeal.  (Doc. 14, Ex. E.)  In July 2013,

25   Petitioner filed an opening brief, asserting that the prosecutor committed misconduct

---

26

27

28

[2]  This Court presumes the correctness of the court of appeals' statement of the facts.  *See* 28 U.S.C. § 2254(e)(1); *Runningeagle v. Ryan,* 686 F.3d 758, 762 n.1 (9th Cir. 2012) (stating that the court of appeals' factual findings are accorded a "presumption of correctness" and that a petitioner has the burden of rebutting that presumption with clear and convincing evidence.)

during closing argument by impermissibly vouching for Ruiz, and the trial court erred by ruling that the aggravated assault statute under which Petitioner was convicted, Ariz. Rev. Stat. § 13–1204(E), did not require the State to prove that Petitioner knew the victim was a police officer.  (Doc. 14, Ex. F.)  On December 10, 2013, the Arizona Court of Appeals rejected Petitioner's claims in a memorandum decision.   (Doc. 14, Ex. I.) Petitioner filed a petition for review in the Arizona Supreme Court.  (Doc. 14, Ex. J.) The State filed a motion to redesignate the December 10, 2013 court of appeals' decision as an opinion;[3] the court of appeals granted the motion and replaced that decision with an opinion and a memorandum decision issued on January 8, 2015.  (Doc. 14, Exs. M, N, O, V.)  In its memorandum decision and opinion, the court of appeals rejected Petitioner's claims and affirmed his convictions and sentences.  (Doc. 14, Exs. N, O.)  On March 17, 2015, the Arizona Supreme Court denied the petition for review.  (Doc. 14, Ex. P.)

###        C.        Post-Conviction Proceedings

On May 14, 2015, Petitioner filed a notice of post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  (Doc. 14, Ex. Q.)  The trial court issued a minute entry noting that Petitioner "does not wish for the Court to appoint a lawyer" and ordered Petitioner to file a petition by July 17, 2015.  (Doc. 14, Ex. R.)  On September 18, 2015, Petitioner filed a motion to voluntarily dismiss the post-conviction proceeding.  (Doc. 14, Ex. S.)  That same day, the trial court dismissed the post-conviction proceeding, noting that the court had ordered Petitioner to file a petition by July 17, 2015, and that "[t]he due date ha[d] passed and the defendant ha[d] not filed a petition and ha[d] not secured any additional extensions from the Court."  (Doc. 14, Ex. T.)

###        D.        Federal Petition for Writ of Habeas Corpus

On October 5, 2015, Petitioner filed an Amended Petition for Writ of Habeas Corpus in this Court raising the following claims: (1) the prosecutor committed

---

[3]   In May 2014, the Arizona Supreme Court stayed the proceedings while the State's motion to redesignate the memorandum decision as an opinion was pending in the Arizona Court of Appeals.  (Doc. 14, Ex. L.)

misconduct by impermissibly vouching for a paid informant during closing argument (Ground One); (2) the trial court erred by ruling that the State, in establishing that Petitioner had committed aggravated assault on a peace officer, was not required to prove Petitioner knew that the victim was a police officer when he pointed a gun at him (Ground Two); (3) Petitioner was deprived of due process and equal protection because he did not receive a *Donald* hearing or a settlement conference (Ground Three); and (4) there was insufficient evidence to support Petitioner's conviction for possession of marijuana for sale (Ground Four).  (Doc. 12 at 6-9.)

In their answer, Respondents argue that the Amended Petition should be denied for the following reasons: (1) the Arizona Court of Appeals' rejection of Ground One was not contrary to, or an unreasonable application of clearly established Supreme Court precedent, and did not involve an unreasonable determination of facts; (2) Ground Two is not cognizable on habeas corpus review; (3) Ground Three fails to state a claim upon which relief may be granted; and (4) Grounds Three and Four are procedurally defaulted and barred from federal habeas corpus review.  (Doc. 14.)

As set forth below, the Court finds that Petitioner is not entitled to habeas relief on Ground One, Ground Two is not cognizable on federal habeas corpus review, and Grounds Three and Four are procedurally barred from federal habeas corpus review. Therefore, the Court recommends that the Amended Petition be dismissed and does not consider Respondents' alternative argument pertaining to Ground Three.

## II.   Petitioner's Claims

### A.   Ground One

As Respondents note, Ground One is properly before the Court because Petitioner presented it to the Arizona Court of Appeals on direct review.  The appellate court rejected that claim.  Therefore, Ground One was adjudicated on the merits by the state courts and this Court's reviews that claim under 28 U.S.C. § 2254(d).  As set forth below, Petitioner is not entitled to relief on Ground One.

1.      **Review of Claims Adjudicated on the Merits**

Under § 2254(d), if a habeas corpus petition includes a claim that has been "adjudicated on the merits in State court proceedings," federal habeas relief is not available unless petitioner shows: (1) that the state court's decision "was contrary to" federal law as clearly established in the holdings of the United States Supreme Court at the time of the state court decision, *Greene v. Fisher*, __ U.S.__, 132 S. Ct. 38, 43 (2011); or (2) that it "involved an unreasonable application of" such law, § 2254(d)(1); or (3) that it "was based on an unreasonable determination of the facts" in light of the record before the state court.  *See* 28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011).   When conducting this review, the court considers the last reasoned state court decision addressing the claim.  *See Crittenden v. Ayers*, 624 F.3d 943, 950 (9th Cir. 2010) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)); *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, [this Court] analyze[s] the last reasoned decision.").

To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision.  *Greene*, 132 S. Ct. at 44.  A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent."  *Mitchell v. Esparza*, 540 U.S 12, 14 (2003) (citations omitted).   A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision'" *Richter*, 562 U.S.___, 131 S. Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

- 6 -

When a state court decision is deemed to be "contrary to" or an "unreasonable application of" clearly established federal law, a petitioner is not entitled to habeas corpus relief unless the erroneous state court ruling also resulted in actual prejudice as defined in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  *See Benn v. Lambert*, 283 F.3d 1040, 1052 n.6 (9th Cir. 2002).  "Actual prejudice" means that the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 631.

### 2.      Petitioner has not Satisfied § 2254(d)(1) or (2)

In Ground One, Petitioner alleges the prosecutor "committed misconduct by impermissibly vouching for her paid informant during closing argument." (Doc. 12 at 6.) Petitioner presented this claim to the Arizona Court of Appeals on direct review. (Doc. 14, Ex. F at 12-15.)  In its decision rejecting this claim, the Arizona Court of Appeals first discussed Petitioner's counsel's closing argument.  (Doc. 14, Ex. O at 3.) The court noted that Petitioner's counsel argued that Ruiz lied to the police, called Ruiz a liar, mentioned inconsistencies in his testimony, and told the jury "to disregard everything that he said, because that's justice."  (*Id.*)  The appellate court also noted Petitioner's counsel's argument in which he stated that "the ridiculous things that [Ruiz] says trump everything else that he says, where you cannot derive or find a fact from him," and stated that the jury could not accept Ruiz's credibility because he was "working for straight cash," "facing potential charges," and biased.  (Doc. 14, Ex. O at 3-4.)

The appellate court next set out the prosecutor's rebuttal argument.  (Doc. 14, Ex. O at 4.)  The prosecutor argued that Ruiz swore to tell the truth, "[h]e was honest with you when he told you that he lied to the police when he was stopped with $30,000 in his car.  He was honest with you in telling you that []he lied to the police when he had 80 pounds of marijuana in his car.  He was honest with you when he told you that at that point in his life he was working for a drug trafficking organization, and he was honest

with you when he relayed the events that happened between January 26th, 2011 and February 16th, 2011." (Doc. 14, Ex. O at 4.)

The appellate court noted that there are two forms of impermissible prosecutorial vouching: "(1) when the prosecutor places the prestige of the government behind its witness; and (2) where the prosecutor suggests that information not presented to the jury supports the witness's testimony." (*Id.*) The court also noted that "a lawyer is prohibited from asserting personal knowledge of acts in issue before the tribunal unless he testifies as a witness." (*Id.*) The court rejected Petitioner's assertion that the prosecutor's rebuttal closing argument placed the prestige of the government behind Ruiz or constituted an expression of the prosecutor's opinion that Ruiz was truthful. (*Id.*)

The court concluded that the "prosecutor's argument was fair rebuttal to [Petitioner's] counsel's attack on Ruiz's credibility." (*Id.*) The court stated that

> The prosecutor's argument addressed evidence introduced at trial that counsel referenced directly and indirectly in his attack on Ruiz: how Ruiz admitted he lied to police when stopped with $30,000 in his car, how Ruiz admitted he lied to police when he was later stopped with a large quantity of marijuana in his car, and how Ruiz admitted he had worked for a drug organization. It was fair rebuttal for the prosecutor to argue that Ruiz's honesty regarding this unfavorable evidence showed he was also honest when he testified about the events that led to the charges against [Petitioner]. Further, the prosecutor did so in a manner that did not place the prestige of the government behind Ruiz, did not suggest that information not before the jury supported Ruiz's testimony, and did not express the prosecutor's personal opinion.

(Doc. 14, Ex. O at 5.)

The Arizona Court of Appeals' decision is not contrary to, or an unreasonable application of, federal law, and is not based on an unreasonable determination of the facts. In *Parker v. Matthews*, ___U.S.___, 132 S. Ct. 2148, 2153 (2012), the Supreme Court held that *Darden v. Wainwright*, 477 U.S. 168 (1986), is the "clearly established Federal law" applicable to a prosecutor's alleged improper comments for purposes of review under the AEDPA. The appropriate standard for a claim of prosecutorial misconduct is "the narrow one of due process, and not the broad exercise of supervisory power." *Darden*, 477 U.S. at 181. Furthermore, to succeed on a claim of prosecutorial

misconduct, a petitioner must prove that the prosecutor's remarks were improper and that they so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974); *see also Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."). A petitioner is not entitled to habeas corpus relief in the absence of a due process violation even if the prosecutor's comments were "undesirable or even universally condemned." *Donnelly*, 416 U.S. at 642.

When evaluating a petitioner's allegations of prosecutorial misconduct, the court "must consider the probable effect of the prosecutor's [comments] on the jury's ability to judge the evidence fairly." *United States v. Young*, 470 U.S. 1, 12 (1985). To make such an assessment, the court must consider the prosecutor's remarks in context. *See Boyde v. California*, 494 U.S. 370, 385 (1990); *Williams v. Borg*, 139 F.3d 737, 745 (9th Cir. 1998). The Supreme Court has assessed the fairness of a petitioner's trial by considering, among other circumstances, whether the prosecutor's comments manipulated or misstated the evidence, whether the trial court gave a curative instruction, and "the weight of the evidence against the petitioner." *Darden*, 477 U.S. at 181-82.

Here, the Arizona Court of Appeals recognized the controlling legal principles and did not unreasonably apply *Darden* when concluding that the prosecutor's rebuttal closing argument did not constitute impermissible vouching and did not deny Petitioner a fair trial. In reaching this conclusion, the court of appeals reasoned that the prosecutor's argument "was a fair rebuttal to [Petitioner's] counsel's attack on Ruiz's credibility" and "addressed evidence introduced at trial." (Doc. 14, Ex. O at 5.) The prosecution has "reasonable latitude to fashion closing arguments," and "[i]nherent in this latitude is the freedom to argue reasonable inferences based on the evidence." *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991). Further, the court of appeals appropriately considered the prosecutor's argument in the context of Petitioner's counsel's closing argument. *See Young*, 470 U.S. at 12 ("In order to make an appropriate assessment, the

1    reviewing court must not only weigh the impact of the prosecutor's remarks, but must

2    also take into account defense counsel's opening salvo.").

3         During closing argument, Petitioner's counsel attacked Ruiz's credibility based on

4    Ruiz's trial testimony in which he admitted that he lied to police when he was stopped

5    with $30,000 in his car, admitted he lied to police when he was later stopped with a large

6    quantity of marijuana in his car, and admitted he had worked for a drug organization.

7    (Doc. 14, Ex. O at 5.)  Based on Petitioner's counsel's argument, it was not improper for

8    the prosecutor to argue that Ruiz's honesty regarding these unfavorable incidents

9    indicated that he was also honest when he testified about the events that formed the basis

10   of the charges against Petitioner.  Additionally, Petitioner has not presented evidence

11   indicating that the prosecutor suggested that information or evidence that was not before

12   the jury supported Ruiz's testimony.  Thus, the appellate court reasonably concluded that

13   the prosecutor's rebuttal closing argument was not improper.

14        Even assuming the prosecutor's rebuttal closing argument amounted to

15   prosecutorial misconduct, Petitioner has not shown that the prosecutor's misconduct "so

16   infected the trial with unfairness as to make the resulting conviction a denial of due

17   process." *Darden*, 477 U.S. at 181.  The prosecutor's reference to Ruiz's honesty during

18   rebuttal closing argument was not so persistent as to have "infected the trial with

19   unfairness as to make the resulting conviction a denial of due process."  *See Darden*, 477

20   U.S. at 181.  Rather, it was an isolated incident during Petitioner's six-day trial.  *See*

21   *Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1996) ("Assuming it was improper the

22   comment did not deprive Duckett of a fair trial.  It was an 'isolated moment' in a lengthy

23   trial, in which the jury was clearly instructed that statements made by attorneys during

24   closing argument were not evidence to be considered in deciding the facts."); *Hall v.*

25   *Whitley*, 935 F.2d 164, 165-66 (9th Cir. 1991) ("Put in proper context, the comments

26   were isolated moments in a three day trial.").

27        For these reasons, Petitioner has not shown that the appellate court's resolution of

28   Ground One was based on an unreasonable determination of the facts, or that is was

1    contrary to, or based on an unreasonable application of, federal law and he is not entitled

2    to habeas corpus relief on this claim.  *See* 28 U.S.C. § 2244(d).

3         **B.    Ground Two is not Cognizable on Federal Habeas Corpus Review**

4         In Ground Two, Petitioner argues that the "trial court erred when it ruled that the

5    state was not required to prove [he] knew [the victim] was a police officer when he

6    pointed a gun at him."  (Doc 12 at 7.)  Petitioner raised this claim on direct appeal.

7    (Doc. 14, Ex. F at 6.)  The appellate court rejected this claim, holding that under Ariz.

8    Rev. Stat. §§ 13-1204, "the defendant's knowledge that the victim was a peace officer is

9    not an element of the offense."  (Doc. 14, Ex. N.)  Respondents argue that this claim is

10   not cognizable on federal habeas corpus review.  (Doc. 14 at 16-17.)  As discussed

11   below, the Court agrees and finds that it is not authorized to review the appellate court's

12   interpretation of state law in this habeas corpus proceeding.[4]

13        Only claims alleging a violation of the federal Constitution, laws, or treaties are

14   cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502

15   U.S. 62, 67-68 (1991).  Federal habeas corpus relief is unavailable for violations of state

16   law or for alleged error in the interpretation or application of state law.  *Estelle*, 502 U.S.

17   at 67-68.  Petitioner's claim that the state court erred when it determined that the State

18   was not required to show that Petitioner knew the victim was a police officer to obtain a

19   conviction under Ariz. Rev. Stat. § 13-204 is based on an interpretation of state law and,

20   therefore, it does not state a cognizable claim for federal habeas corpus relief.  Ground

21   Two should be dismissed because it is not cognizable on federal habeas corpus review.

22        **C.    Grounds Three and Four**

23        Respondents argue that because Petitioner did not present Grounds Three and Four

24   to the Arizona Court of Appeals, those claims are procedurally barred from federal

25   habeas corpus review.  (Doc. 14 at 19-24.)  As discussed below, the Court agrees.

---

27        [4]  Moreover, even if Ground Two presented a cognizable claim, the state court
28   concluded that a defendant's knowledge that a victim is a peace officer is not an element
     of the offense of aggravated assault under § 13-204, and this Court is bound by the state
     court's interpretation of state law.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

1

### 1.      Exhaustion and Procedural Bar

2      Ordinarily, a federal court may not grant a petition for writ of habeas corpus

3  unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To

4  exhaust state remedies, a petitioner must afford the state courts the opportunity to rule

5  upon the merits of his federal claims by "fairly presenting" them to the state's "highest"

6  court in a procedurally appropriate manner.[5]  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

7  ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly

8  present' his claim in each appropriate state court . . . thereby alerting that court to the

9  federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

10      A claim has been fairly presented if the petitioner has described both the operative

11  facts and the federal legal theory on which his claim is based.  *See Baldwin*, 541 U.S. at

12  33.  A "state prisoner does not 'fairly present' a claim to a state court if that court must

13  read beyond a petition or brief . . . that does not alert it to the presence of a federal claim

14  in order to find material, such as a lower court opinion in the case, that does so."  *Id.* at

15  31-32.  Thus, "a petitioner fairly and fully presents a claim to the state court for purposes

16  of satisfying the exhaustion requirement if he presents the claim: (1) to the proper

17  forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and

18  legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)

19  (internal citations omitted).

20      The requirement that a petitioner exhaust available state court remedies promotes

21  comity by ensuring that the state courts have the first opportunity to address alleged

22  violations of a state prisoner's federal rights.  *See Duncan v. Walker*, 533 U.S. 167, 178

23  (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Principles of comity also

24  require federal courts to respect state procedural bars to review of a habeas petitioner's

25

26  _____

27      [5]  In Arizona, unless a prisoner has been sentenced to death, the "highest court"
requirement is satisfied if the petitioner has presented his federal claim to the Arizona
28  Court of Appeals either through the direct appeal process or post-conviction proceedings.
*Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007).

- 12 -

claims.  *See Coleman*, 501 at 731-32.  Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims.  *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).  If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted.  *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds.  *See Beard v. Kindler*, 558 U.S. 53 (2009).  "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance."  *Coleman*, 501 U.S. at 731-32.  In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim.  *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985).  A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed."  *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate.  *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).  "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases."  *Coleman*, 501 U.S. at 732.  Although a

procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim.  *See id*. at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  *See Reed v. Ross*, 468 U.S. 1, 9 (1984).  Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750.  Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

### 2.    Grounds Three and Four are Procedurally Barred

In Ground Three, Petitioner claims his "due process" and "equal protection" rights were violated.  (Doc. 12 at 8.)  In Ground Four, Petitioner appears to raise an insufficient-evidence claim pertaining to his conviction for possession of marijuana for sale.  (*Id.* at 9 (stating that "I was charged for the possession and convicted for something I never seen or touched.").)  As Petitioner acknowledges, he did not present these claims to the Arizona Court of Appeals either on direct or collateral review.   (Doc. 12 at 8-9.)  Therefore, Grounds Three and Four are technically exhausted and procedurally barred from federal habeas corpus review because it would be futile for Petitioner to return to the state courts to try to exhaust these claims.

Specifically, Petitioner is time-barred from a filing a petition for post-conviction relief under Rule 32.  *See* Ariz. R. Crim. P. 32.4(a); *McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)).

Additionally, these claims would be precluded under Rule 32.2(a) because they could have been raised on direct appeal.  *See* Rule 32.2(a) (providing that a defendant is precluded from relief on ground "[t]hat has been waived at trial, on appeal, or in any previous collateral proceeding").

Additionally, Petitioner's claims in Grounds Three and Four do not implicate any exceptions to the timeliness rules referred to in Rule 32.4(a) and Rule 32.2(b), including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence.  *See* Rule 32.1(d), (e), (f), (g) and (h).  Accordingly, federal habeas corpus review of Petitioner's claims asserted in Grounds Three and Four is procedurally barred.

### 3.      Petitioner has not Established a Basis to Overcome the Procedural Bar

Because Petitioner's claims asserted in Grounds Three and Four are procedurally defaulted, federal habeas corpus review is unavailable unless Petitioner establishes a "fundamental miscarriage of justice" or "cause and prejudice" to overcome the procedural bar.  *See Coleman*, 501 U.S. at 749.  For the reasons below, the Court finds that Petitioner has not established a basis to overcome the procedural bar.

### a.      Fundamental Miscarriage of Justice

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence — that was not presented at trial." *Schlup,* 513 U.S. at 324.  The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.  Petitioner does not argue that failure to consider his claims will result in a fundamental miscarriage of justice. (Doc. 12.)  Additionally, Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice.  Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar.

### b.        Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice."  *Coleman*, 501 U.S. at 750.  To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  *Teague*, 489 U.S. at 298.  A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Petitioner does not allege cause and prejudice to overcome the procedural bar. (Doc. 12.)  Additionally, Petitioner's status as an inmate, lack of legal knowledge, and limited legal resources do not establish cause to excuse the procedural bar to review of

his claims.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ( "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

## III.    Conclusion

As set forth above, Petitioner is not entitled to habeas corpus relief on Ground One, Ground Two is not cognizable on federal habeas corpus review, and federal habeas corpus review of Grounds Three and Four is procedurally barred and Petitioner has not established a basis to overcome that bar.  Accordingly, the Court recommends that the Amended Petition be denied.  In addition, to the extent Petitioner seeks to dismiss the Amended Petition, the Court recommends that the request be denied.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 12) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, to the extent Petitioner seeks to dismiss the Amended Petition (Doc. 21), the request be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  The parties have fourteen days within which to file

a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 31st day of March, 2016.

Bridget S. Bade
United States Magistrate Judge