# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jermaine Pledger, | No. CV-15-01328-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Barnes, et al., | |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 12) and the Report and Recommendation ("R&R") (Doc. 22) of United States Magistrate Judge Bridget S. Bade, filed on March 31, 2016. The Petitioner asserts four grounds for relief, which Judge Bade summarized as follows:

> (1) the prosecutor committed misconduct by impermissibly vouching for a paid informant during closing argument (Ground One); (2) the trial court erred by ruling that the State, in establishing that Petitioner had committed aggravated assault on a peace officer, was not required to prove Petitioner knew that the victim was a police officer when he pointed a gun at him (Ground Two); (3) Petitioner was deprived of due process and equal protection because he did not receive a Donald hearing or a settlement conference (Ground Three); and (4) there was insufficient evidence to support Petitioner's conviction for possession of marijuana for sale (Ground Four).

(Doc. 22 at 4:26-5:8) (citation omitted). After a thorough and sound analysis, Judge Bade concluded:

> Petitioner is not entitled to habeas corpus relief on Ground One, Ground Two is not cognizable on federal habeas corpus review, and federal habeas corpus review of Grounds Three and Four is procedurally barred and Petitioner has not established a basis to overcome that bar.

(*Id*. at 17:8-11).  Judge Bade thus recommends denial of the Amended Petition and, "to the extent Petitioner seeks to dismiss the Amended Petition," she also recommends denial.  (*Id*. at 17:12-13).

In so recommending, Judge Bade explicitly advised the parties that they had "fourteen days from the date of service of a copy of" the R&R "within which to file specific written objections with the Court."  (Doc. 22 at 17:26-28) (citations omitted).  Judge Bade further explicitly advised that "[f]ailure to file timely objections to the [R&R] . . . may result in the District Court's acceptance of the [R&R] without further review."  (*Id*. at 18:1-4) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).  Judge Bade was equally explicit that "[f]ailure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the [R&R]."  (*Id*. at 18:4-7) (citing Fed. R. Civ. P. 72).

In accordance with the foregoing, the parties had until April 18, 2016 by which to timely file objections to the R&R.  The parties did not do so.  Instead, on April 14, 2016, Petitioner filed a document entitled "(Constitutional ERROR)[.]"  (Doc. 23 at 1).  As is evident on the face of this document, Petitioner is claiming "constitutional error 'actual prejudice'" with respect to "case #CR2011-108463-001 DT[.]"  (*Id*.) (emphasis in original).  Petitioner attaches, among other things, a March 10, 2016 Minute Entry from the Superior Court of Arizona Maricopa County with respect to that particular case.  In his Amended Petition, however, Petitioner was clear.  He is seeking habeas relief only as to "[c]riminal docket or case number: CR-2011-005417-001-DT[.]"  (Doc. 12 at 1, 1(b)).  Thus, Petitioner's "(Constitutional ERROR)" document, pertaining to a different criminal case than the Amended Petition does, has absolutely no bearing on the pending R&R.  This is all the more so given that in his "(Constitutional ERROR)" document Petitioner did not make any "specific" objections to the R&R.  *See* Fed.R.Civ.P. 72(b)(2).

Absent any timely objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia*, 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R, deny the Amended Petition and dismiss this matter with prejudice. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 22) is **accepted and adopted** as an Order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 12) is **denied** and **dismissed** with prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because dismissal of the Petition is justified, in part, by a plain procedural bar and jurists of reason would not find the procedural rulings debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 20th day of April, 2016.

Honorable Diane J. Humetewa
United States District Judge